Dear Chief Farr:
You have requested an opinion of the Attorney General regarding the powers and duties of an elected Chief of Police (Chief) vis-a-vis the Mayor in the Town of Marion, a Lawrason Act municipality. You pose several questions pertaining to the town's budgetary practices and the day-to-day operations of the police department. You first ask whether the Chief has the day-to-day operational controls to administer the department's budget, once the budget ordinance has been adopted and funds are appropriated.
The law applicable to this issue is found at LSA-R.S. 33:404
which grants the mayor the following authority:
 "(1) To supervise and direct the administration and operation of all municipal departments, offices and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law . . .
* * *
 (4) To prepare and submit an annual operations budget and a capital improvement budget for the municipality to the board of aldermen in accordance with the provisions of R.S. 39:1301, et seq. and any other supplementary laws and ordinances.
* * *
(8) To sign warrants drawn on the treasury for money . . . .
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
 B. The provisions of this Section shall not be construed to alter, affect, or amend any powers, duties, and functions of any elected chief of police as set forth in R.S. 33:423, R.S. 33:423.2 and R.S. 33:423.3." (Emphasis added.)
As can be seen from the above, the Mayor has the power to supervise and direct the administration and operation of all municipal departments except a police department with an elected chief of police. Thus, your police department is not subject to the supervision and control of the Mayor. You, as an elected chief of police, have supervision and control of the police department, including its property and personnel.
This office has consistently opined that the Chief's (or marshall's) authority under LSA-R.S. 33:423 to enforce all ordinances includes the granting of certain inherent powers which are necessary for him to effectively carry out his duties. In the case of Cogswell v. Town of Logansport, 321 So.2d 774
(La.App. 2nd Cir. 1974), the Court held that the general responsibility for law enforcement granted to a chief of police entails the power to supervise the operation of the department and assign its personnel and equipment, subject to the statutory authority exercisable by the mayor and board of aldermen. See also Lentini v. City of Kenner, 211 So.2d 311 (La. 1968) and Attorney General Opinion No. 86-589.
Attorney General Opinion No. 86-589, in addressing this issue, held:
 "Thus, the mayor does not have the authority to control the expenditures of the police department. The chief of police has the inherent authority to control or administer the day to day operations of the police department. This inherent authority includes the authority to control and administer police department property and personnel, which includes police department funds. This inherent authority to control those funds is subject, however, to the requirement that the expenditure of those funds only be made pursuant to or in accordance with specific appropriation authorized by a municipal ordinance enacted by the board of aldermen." (Emphasis added.)
See also Attorney General Opinion Nos. 82-1004 and 93-405.
The above opinion was cited favorably in the case of John Doyle, Jr., Chief of Police for the City of Harahan v. City of Harahan and the Honorable Carlo R. Ferrara, Mayor of the City of Harahan, Number 92-CA-587, Fifth Circuit Court of Appeal, State of Louisiana. The Court held:
 "We hold that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police. This is consistent with the Second Circuit's ruling, on other facts, in Cogswell v. Town of Logansport, 321 So.2d 774, 779
(La.App. 1975), that the chief of police has `the power to supervise the operation of the police department and assign its personnel and equipment . . . .' He is in the best position to determine whether or not his department needs police cars or roof repairs, radio equipment or parking lots. We affirm the judgment in favor of John Doyle, Jr., Harahan's chief of police, and against the City of Harahan and its mayor, Carlo R. Ferrara."
In summary, and in answer to your first question, the Chief has the inherent authority to control police department funds on a day-to-day operational basis. This authority is subject to said funds being budgeted and appropriated pursuant to municipal ordinance.
Your second question, relative to the authority of the Chief to have operational control over the expenditures of his department, within the line item perimeters of his budget, was also addressed in the Doyle case, cited supra, and by Attorney General Opinion Nos. 83-257 and 86-589. As previously noted, once funds are budgeted and appropriated, the Chief has operational control over the expenditures for his department within the perimeter of the appropriation.
Attorney General Opinion No. 83-257 is in accord:
 "It is the opinion of the office that when funds are specifically appropriated by the mayor and the board of Aldermen to the police department, those funds may be disbursed by the police department at its discretion in order to effectively maintain and control that department's operation.
 Though not specifically enumerated by statute, it is our opinion that the general responsibility of the chief of police does include the authority to spend those funds specifically appropriated to him, where and how it best suits the efficiency of the department for the public."
You next ask if you have the authority to make line item adjustments to the police department budget in order to comply with LSA-R.S. 39:1301, et seq. The statutory provisions referred to comprise the "Louisiana Local Government Budget Act (Budget Act)". Sections 1302, 1309, and 1310 are relevant to this issue, and provide, in pertinent part, the following:
" § 1302. Definitions
For the purpose of this Chapter:
 (1) `Political subdivision' means a parish; municipality; school board; special district created pursuant to and under the authority of Section 16 or 19 of Article VI of the Louisiana Constitution of 1974; registrar of voters; or independently elected parish offices, including the office of assessor, clerk of district court, coroner, district attorney, sheriff, and judges, but only insofar as their judicial expense funds, as provided for in Title 13 of the Louisiana Revised Statutes of 1950.
 (2) `Governing authority' means the body which exercises the legislative functions of the political subdivision."
" § 1309. Amending the budget
 When the governing authority has received notification pursuant to R.S. 39:1310, or there has been a change in operations upon which the original adopted budget was developed, the governing authority shall adopt a budget amendment in an open meeting to reflect such change." (Emphasis added.)
" § 1310. Budgetary authority and control
 A. The adopted budget and any duly authorized adopted amendments shall form the framework from which the chief executive or administrative officers and members of the governing authority of the political subdivision shall monitor revenues and control expenditures. The chief executive or administrative officer shall advise the governing authority or independently elected official in writing when:
 (1) Total revenue and other sources plus projected revenue and other sources for the remainder of the year, within a fund, are failing to meet total budgeted revenues and other sources by five percent or more.
 (2) Total actual expenditures and other uses plus projected expenditures and other uses for the remainder of the year, within a fund, are exceeding the total budgeted expenditures and other uses by five percent or more.
 (3) Actual beginning fund balance, within a fund, fails to meet estimated beginning fund balance by five percent or more and fund balance is being used to fund current year expenditures.
 B. The written notification as required by this Section as well as any responsive action taken by the governing authority or independently elected official shall be transmitted to and retained by the chief executive or administrative officer.
 C. The adopted budget and any duly authorized amendments required by this Section shall constitute the authority of the chief executive or administrative officers of the political subdivision to incur liabilities and authorize expenditures from the respective budgeted funds during the fiscal year."
This office has previously opined in Attorney General Opinion No. 87-682 that municipalities are required by the Budget Act to prepare and submit a comprehensive budget for the municipality. The opinion concluded:
 "In that this budget is the document which authorizes expenditures from budgeted municipal funds, the expenditures and proposed appropriations for the police department should be indicated and designated as a line item in the municipal budget."
While the Chief should be given the opportunity to submit input for purposes of budget preparation, it is clear from the statutes pertaining to Lawrason Act municipalities, and those comprising the Budget Act, that the authority to adopt and amend the budget is vested exclusively with the Mayor and Board of Aldermen (i.e., Council). Therefore, you, in your capacity as Chief, are not authorized to make line item adjustments within the municipality's budget thereby effecting an amendment thereto.
Your fourth question is whether the Mayor and Council have the authority to decrease or reduce moneys contained in the original police department budget and, if so, under what circumstances. This question has been addressed, in part, in our response to your third question. Thus, in the event a budget amendment is proposed and adopted pursuant to LSA-R.S. 39:1309 and 1310, the Mayor and Council may decrease the funds originally budgeted to your department. This process must be conducted under the provisions of the Open Meeting Law, as required by LSA-R.S.39:1309 and 42:4.1 et seq.
You next ask what recourse does the Chief have in the event a purchase is made within budget guidelines, but payment for same is refused. It is assumed that the Chief has complied with formal municipal purchasing procedures in making the purchase. See Attorney General Opinion No. 93-75.
As previously stated, our court's have recognized that the Chief has the inherent authority to control police department funds on a day-to-day basis. It is the opinion of the office that the refusal to pay an expenditure validly incurred by the Chief constitutes an infringement upon these inherent powers.
While you may elect to seek payment through the judicial process, we recommend that this be a last recourse, giving way to good faith communications between your department and the administration.
Your next two questions relate to the limits of the Chief's control over his department's vehicles and equipment. As previously stated, the Chief's inherent authority to supervise and control the functions of the police department includes the supervision of his office, office equipment, and office personnel. It also necessarily includes the authority to assign and control the use of police vehicles. See Attorney General Opinion Nos. 86-589, 87-194, 87-489, and 93-405.
Finally, you ask whether the Council can designate funds from the Town's General Fund equal to the amount of monthly court costs, and assign these funds to a specific line item within the police department's budget, designating them for specific purposes. You have no objection to this allocation and, in fact, support it. You also ask if unused portions of these moneys may be deposited and/or invested for future department purchases.
This issue has been previously addressed in Attorney General Opinion No. 92-720. Therein, it was concluded that a municipality may legally transfer moneys representing fines and/or court costs from its treasury into a separate account to be used for expenditures relating to the police department. This account should obviously be maintained in accordance with generally accepted accounting principles. Any questions regarding the applicability of these principles should be directed to the Office of the Legislative Auditor at (504) 339-3800.
Trusting this opinion has adequately addressed your inquiries, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0194R